942 F.2d 733
 UNITED STATES of America, Plaintiff-Appellant,
v.
1002.35 ACRES OF LAND, MORE OR LESS, SITUATE IN WASHINGTON
COUNTY, STATE OF OKLAHOMA; Clyde G. Layton, et. al., and
all unknown owners; Tog George, Trustee for the benefit of
Allied Bank of Texas, Defendants-Appellees.
UNITED STATES of America, Plaintiff-Appellant,
v.
75.00 ACRES OF LAND, MORE OR LESS, SITUATE IN WASHINGTON
COUNTY, STATE OF OKLAHOMA; Fitz-Lowe, Inc., a corporation,
et. al., and Unknown Owners; Tog George, Trustee for the
benefit of Allied Bank of Texas, Defendants-Appellees.
UNITED STATES of America, Plaintiff-Appellant,
v.
2560.00 ACRES OF LAND, MORE OR LESS, SITUATE IN WASHINGTON
COUNTY, STATE OF OKLAHOMA; Thomas Connelly Wallingford;
Earl G. Wallingford, III; George Walter Wallingford;
Claire L. Wallingford, et. al., and Unknown Owners; Dr.
Earl Laughlin, Jr.,; Clyde G. Layton; R. M. Layton;
William Douglas Layton; Layton Oil Company, Defendants-Appellees.
 Nos. 90-5019, 90-5020, 90-5021.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 16, 1991.
 
 1
 Richard B. Stewart, Asst. Atty. Gen., Washington, D.C. (Tony M. Graham, U.S. Atty., Nancy Nesbitt Blevins, Asst. U.S. Atty., Tulsa, Okl., Jacques B. Glein and Robert L. Klarquist, Asst. Attys. Gen., Washington, D.C., with him on the brief), for plaintiff-appellant.
 
 
 2
 James E. Poe, Covington & Poe, Tulsa, Okl. (John S. Athens, Bruce W. Freeman, Conner & Winters, Donald M. Bingham, Stephanie L. Theban, Chapel, Riggs, Abney, Neal & Turpen, Tulsa, Okl., with him on the brief), for defendants-appellees.
 
 
 3
 Before TACHA and BALDOCK, Circuit Judges, and KANE, Senior District Judge.*
 
 
 4
 KANE, Senior District Judge.
 
 
 5
 This is an appeal from the district court's order granting the landowners' petition for attorney fees and related expenses, including expenses for expert witnesses and consultants, in the total amount of $295,647.37. Jurisdiction is admitted. It is based on 28 U.S.C. § 1291. The question presented for review is whether Subsection (d)(2)(H) of Section 2412 of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(2)(H), controls the award of attorney fees and expenses in cases pending when the subsection was added to the statute by the Equal Access to Justice Act, Extension and Amendment (1985 EAJA Amendments), Pub.L. No. 99-80, 99 Stat. 183 (1985). The standard of review in this purely legal issue is de novo. See Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir.1988) (district court's application of correct legal standard under EAJA reviewed de novo ).
 
 
 6
 The facts underlying this controversy are set forth in our earlier opinion in this case. See United States v. 2,560.00 Acres of Land, More or Less, Situate in Washington County, Okla., 836 F.2d 498 (10th Cir.1988). We repeat only those necessary to our resolution of this appeal.
 
 
 7
 These consolidated condemnation actions were commenced by the United States in the fall of 1979. The cases were referred to a commission for trial. The commission found that, although the government's complaints and declarations of taking expressly subordinated only 3,637 subsurface acres, the taking would also adversely affect the value of an additional 1,995.53 acres. The government presented cumulative valuation testimony of $326,000 and $441,000, while the landowners' expert valued the takings at nearly $11,000,000 in all. The commission recommended an award of $4,890,000, with one commissioner filing a minority report valuing the landowners' interests at $927,000. The United States filed objections to the commission report which were overruled by the district court. Final judgment entered on May 3, 1985.
 
 
 8
 The United States appealed to this Court, which affirmed the district court on January 4, 1988. The cases then returned to the district court for disposition of pending petitions for attorney fees. The various landowners had filed petitions seeking attorney fees under EAJA shortly after the district court had entered final judgment on May 3, 1985, but before Congress had enacted the 1985 EAJA Amendments. The 1985 EAJA Amendments added Subsection (d)(2)(H) which provides that a landowner may be considered a prevailing party for EAJA purposes in eminent domain proceedings only if the ultimate award is as close or closer to the valuation which the landowner advocated at trial than that award is to the figure for which the government contended. The ultimate amounts awarded to each of the three groups of landowner interests were all closer to the government's dollar amounts testified to at trial than they were to the valuation figures testified to on behalf of the landowners.
 
 
 9
 The district court referred the attorney fee petitions to a magistrate for a recommendation. The United States objected to the landowners' EAJA petitions, contending, among other things, that the landowners were not the prevailing parties within the meaning of Subsection (d)(2)(H) because the ultimate award of $4,890,096 was closer to the government's high valuation testimony of $441,000 than it was to the landowners' testimony of almost $11 million.
 
 
 10
 On September 29, 1988, the magistrate recommended that attorneys fees and related expenses be awarded to the landowners under the EAJA. Regarding the government's contention that no fees may be awarded under EAJA because the landowners were not the "prevailing parties" within the meaning of Subsection (d)(2)(H), the magistrate found "that the 1985 amendment is not binding in this case, as the issues arose and were resolved well in advance of the amendment." The magistrate further stated "[t]he question thus becomes, prior to 1985, at the time of this trial, what standard was applied to determine 'prevailing party'?" The magistrate then applied the standard which the Fifth Circuit had earlier adopted in United States v. 329.73 Acres of Land, Situated in Grenada & Yalobusha Counties, Miss., 704 F.2d 800, 809 (5th Cir.1983), under which a landowner is considered the prevailing party for EAJA purposes if he succeeds in recovering "far more than the government had offered or admitted liability for in a condemnation case." Under this standard, the magistrate found the landowners must be considered to be the prevailing parties as they recovered millions more than the government had offered. The magistrate acknowledged that this sum was less than half of what was sought by the landowners, but, he reasoned, under the 329.73 Acres standard, "a strict numerical analysis is not the standard to be applied." The magistrate also found that the position of the United States was not substantially justified.
 
 
 11
 The United States objected to the magistrate's recommendation. The district court, by order entered November 30, 1988, adopted the magistrate's report and recommendation. As to the government's argument concerning the "prevailing party" issue, the court stated:
 
 
 12
 Although this Court is of the opinion that the 1985 amendments to the Equal Access to Justice Act should normally be applied retroactively, this Court finds that such retroactive application would in this case result in manifest injustice and thus the new definition of "prevailing party" should not properly be applied. See Bradley v. School Board of Richmond, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).
 
 
 13
 The district court found the landowners were the prevailing parties and that the government's position was not substantially justified. Further proceedings were held for the purposes of determining the reasonableness of attorney hours properly compensable under EAJA, as well as related expenses. Final orders awarding attorney fees and related costs were entered on December 5, 1989.
 
 
 14
 It is not necessary for us to review the district court's finding that the government's position was not substantially justified. Such review is limited to determining whether the trial court abused its discretion. See Hadden v. Bowen, 851 F.2d at 1267. For the specific purposes of this appeal, however, we accept the finding.
 
 
 15
 A party may be awarded attorney fees and related costs and expenses under Subsection (d) of the Equal Access to Justice Act, 28 U.S.C. § 2412(d), only if it is the "prevailing party" and the position of the United States was not "substantially justified." See United States v. Charles Gyurman Land & Cattle Co., 836 F.2d 480, 483 (10th Cir.1987). Here the condemnation award of $4,890,000 was closer to the government's highest figure attested to at trial ($441,000) than it is to the landowners' figure of almost $11 million. Hence, as the magistrate's report and the district court's confirming order acknowledge, the landowners cannot be prevailing parties if Subsection (d)(2)(H) is applicable. The district court found, however, that the provision was not applicable.
 
 
 16
 Section 7 of the 1985 EAJA Amendments states that the amendments "shall apply to cases pending on or commenced on or after the date of the enactment of the [amending] Act [August 5, 1985]." Pub.L. No. 99-80, § 7(a), 99 Stat. at 186. Although the district court had entered judgment in this case on May 3, 1985, the government's appeals and the EAJA fee petitions were still pending when the 1985 EAJA Amendments were enacted. A case is a "pending" one for the purposes of applying the 1985 EAJA Amendments if an appeal on the merits was pending when the Amendments were enacted. United States v. 1,378.65 Acres of Land, More or Less, Situate in Vernon County, Mo., 794 F.2d 1313, 1316 (8th Cir.1986). Moreover, we have repeatedly applied the 1985 EAJA Amendments in cases where the only matter still pending before the district court on the date that the Amendments were enacted was the attorney fee petition. Ewing v. Rodgers, 826 F.2d 967, 968 n. 1 (10th Cir.1987).
 
 
 17
 The First Circuit's decision in United States v. 6.93 Acres of Land, 852 F.2d 633 (1988), is on point. That decision concerned two condemnation actions where the litigation on the merits had concluded in January 1984 and May 1984, respectively. In each case, the landowners had received awards which were substantially greater than the figures which the government had advocated at trial, but which were nonetheless still closer to the government's testimony than to the values advanced at trial on behalf of the landowners. Although the fee petitions had been filed in the first half of 1984, the district court did not rule upon them until 1987, when it granted them over the government's objections. Id. at 633-34.
 
 
 18
 The First Circuit reversed, holding that Subsection (d)(2)(H) governs the disposition of the pending EAJA petitions. The court first noted that Section 7 of the 1985 EAJA Amendments expressly provides that the Amendments shall apply to pending cases. Id. at 634. Accordingly, the court found, Subsection (d)(2)(H) must be applied, following the enactment of the Amendments, to determine the "prevailing party" whenever a court rules upon EAJA petitions in condemnation actions, including cases where the fee petition was the only remaining item on the docket when the Amendments were enacted. Id. at 635-36.
 
 
 19
 The district court here acknowledged that the 1985 Amendments should normally be applied to pending cases. The court, however, citing Bradley v. School Board of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), refused to apply Subsection (d)(2)(H) because application of that provision here would result in "manifest injustice."
 
 
 20
 Bradley is clearly distinguishable. In that case, the Court, in stating that existing law will normally be applied except when such applications would result in "manifest injustice," was considering a statute which disclosed no express direction by Congress whether it was applicable to pending cases. See id. at 716, n. 23, 94 S.Ct. at 2018, n. 23. Here, however, Section 7 of the 1985 EAJA Amendments expressly directs that the Amendments are to apply to pending cases.
 
 
 21
 Courts are not at liberty to create exceptions to the application of a statute when Congress expressly directs its application. Absent constitutional defects, courts will give effect to a statute as Congress has written it. Badaracco v. Commissioner, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984). In instances where Congress is silent or the statute is ambiguous, courts can proceed by assuming that Congress authorizes them to prevent manifest injustice. Where, however, Congress expressly provides, as it did in the 1985 EAJA Amendments, that a statute "shall apply to cases pending on or commenced on or after the date of the enactment," courts have no choice but to follow its dictates.
 
 
 22
 According to the unambiguous terms of the statute, the landowners were not the prevailing parties. The district court had no authority to exempt the parties from the application of the statute in order to prevent manifest injustice. Accordingly, the order of the district court granting the landowners' petition for attorney fees and related expenses is REVERSED.
 
 
 
 *
 Honorable John L. Kane, Jr., United States Senior District Judge for the District of Colorado, sitting by designation