**NORTH PENN TRANSFER, INC.,**
**debtor-in-possession, Plaintiff,**

v.

**POLYKOTE CORP., Defendant.**

Civ. A. No. 94–869.

United States District Court,
E.D. Pennsylvania.

July 15, 1994.

Ronald Amato, Schattenstein and Amato, Allentown, PA, for plaintiff.

Charles L. Howard, Gollatz, Griffin, Ewing & McCarthy, Philadelphia, PA, for defendant.

*MEMORANDUM*

GILES, District Judge.

The parties have filed cross-motions for summary judgment. For the reasons stated below, plaintiff's motion will be denied and defendant's motion will be granted.

*I.  INTRODUCTION*

The facts of this case

follow a pattern that has been replicated many times in the era of "deregulation" following enactment of the Motor Carrier Act of 1980, 94 Stat. 793: A motor carrier negotiates with a shipper rates less than the tariff rates that the Interstate Commerce Act (ICA), 49 U.S.C. § 10701 *et seq.,* requires the carrier to "publish and file" with the ICC, 49 U.S.C. § 10762. After the shipments are delivered and paid for (sometimes years after), the carrier goes bankrupt and its trustee in bankruptcy sues the shipper to recover the difference between the negotiated rates and the tariff rates.

*Reiter v. Cooper,* —— U.S. ——, ——, 113 S.Ct. 1213, 1216, 122 L.Ed.2d 604 (1993).

In the instant case, a bankrupt carrier, North Penn Transfer, Incorporated ("North Penn") asserts a claim as debtor-in-possession for freight "undercharges" against a shipper, Polykote Corporation ("Polykote"), based upon fifty-three shipments transported by North Penn between August, 1990 and January, 1992. Polykote, in its answer, raises various defenses and counterclaims. However, its motion for summary judgment is based solely on the contention that it, as a "small-business concern," is exempt from liability for freight undercharge claims by virtue of the Negotiated Rates Act of 1993 ("NRA"), Pub.L. No. 103–180, 107 Stat. 2044.

## II. DISCUSSION

### A. NRA's Small–Business Exemption

NRA provides that a defendant qualifying as a "small-business concern" under the Small Business Act, 15 U.S.C. § 631 et seq., is exempt from liability for freight undercharge claims brought by a motor carrier. 49 U.S.C. § 10701(f)(9) (codifying NRA § 2(a));[1] Lewis v. H.E. Wisdom & Sons, Inc., No. 93–C–0985, 1994 WL 110659 (N.D.Ill., March 30, 1994); Jones Truck Lines v. AFCO Steel, 849 F.Supp. 1296, 1301–02 (E.D.Ark.1994); Allen v. ITM, Ltd., 167 B.R. 63 (M.D.N.C.1994); Jones Truck Lines v. Asco Hardware, Inc., No. LR–C–93–459, 1994 WL 261005 (E.D.Ark., March 8, 1994); Adrian Waldera Trucking v. Quality Liquid Feeds, 848 F.Supp. 853, 855 (W.D.Wis.1994); De'Medici v. FDSI Management Group, Nos. 90 B 21673, 92 A 00841, —— B.R. ——, 1994 WL 322606 (Bankr. N.D.Ill., July 1, 1994); Hoarty v. Bennett Transportation, Inc., 170 B.R. 158 (Bankr. D.Neb.1994); Hoarty v. Midwest Carriers Corp., 168 B.R. 978 (Bankr.D.Neb.1994). It is undisputed that Polykote is a "small-business concern" as defined by NRA. See Affidavit of Small Business Status, attached as Exhibit "C" to Polykote's Motion for Summary Judgment. It follows as a matter of law that Polykote is not liable for any alleged undercharges, and the Complaint must be dismissed.

### B. The Effect of North Penn's Bankruptcy Status

North Penn is a chapter 11 debtor-in-possession under the jurisdiction of the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 92–10776F. It argues that NRA's small-business exemption does not apply to cases, such as the instant one, where the undercharge claim is brought by the estate of a bankrupt carrier.

The Bankruptcy Code provides, in pertinent part:

> [A]n interest of the debtor in property becomes property of the estate ... notwithstanding any provision in an ... applicable nonbankruptcy law—
>
> .     .      .     .      .
>
> (B) that is conditioned on the insolvency or financial condition of the debtor ..., and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1). North Penn argues that this provision invalidates NRA's small-business exemption insofar as it applies to an action brought by the estate of a bankrupt carrier.[2] The court disagrees. We find, as have the vast majority of federal courts that have considered the matter, that the small business exemption applies to freight undercharge claims brought by the estate of a bankrupt carrier. Lewis v. H.E. Wisdom, supra; Jones Truck Lines v. AFCO Steel, supra, 849 F.Supp. at 1304–05; Allen v. ITM, supra; Jones Truck Lines v. Asco Hardware, Inc., supra; De'Medici, supra; Hoarty v. Bennett Transportation, supra;

---

1. The NRA's small-business exemption provides in pertinent part:
   ... a person from whom the additional legally applicable and effective tariff rate or charges are sought shall not be liable for the difference between the carrier's applicable and effective tariff rate and the rate originally billed and paid—
       (A) if such person qualifies as a small-business concern under the Small Business Act (15 U.S.C. 631 et seq.)
   49 U.S.C. § 10701(f)(9).
       NRA § 2(c) provides that the above-quoted small-business exemption applies to "all claims pending as of the date of the enactment of [NRA] and to all claims arising from transportation shipments tendered on or before the last day of the 24–month period beginning on such date of enactment." Because NRA was enacted on December 3, 1993, and the instant case was filed on February 8, 1994, the provisions of NRA apply.

2. NRA § 9 provides:
   > Nothing in this Act ... shall be construed as limiting or otherwise affecting application of title 11, United States Code, relating to bankruptcy; title 28, United States Code, relating to the jurisdiction of the courts of the United States (including bankruptcy courts); or the Employee Retirement Income Security Act of 1974.
   We will assume, without deciding, that NRA § 9 insures that, to the extent that the bankruptcy code protects North Penn's interests, those interests will not be modified by NRA.

*Hoarty v. Midwest Carriers, supra; but see, In re Bulldog Trucking, Inc.,* Nos. C–B–90–31936, 92–3100, 1994 WL 197420 (Bankr. W.D.N.C., Feb. 18, 1994) (holding that 11 U.S.C. §§ 541(c)(1), 363(*l*) preclude enforcement of 49 U.S.C. §§ 10701(a)–(c) & (e)–(f) against a carrier's trustee in bankruptcy), *aff'd* by Order and Judgment dated June 21, 1994 (W.D.N.C.) (attached as Exhibit to Plaintiff's Supplement to its Response to Defendant's Statement of Material Facts).

By its plain language, 11 U.S.C. § 541(c)(1) only invalidates a law that meets three conditions: (1) the law is a provision of "applicable nonbankruptcy law" that (2) "is conditioned on the insolvency or financial condition of the debtor" and that (3) "effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property." It is beyond question that the NRA, as a federal statute amending the Interstate Commerce Act, is an "applicable nonbankruptcy law." Thus, the first of these three criteria is met. We will assume without deciding that the NRA's small business exemption, insofar as it acts to reduce the money potentially available to the estate, "effects ... a forfeiture, modification, or termination of the debtor's interest in property," and thus satisfies the third criterion. We find, however, that NRA's small-business exemption is not "conditioned on the insolvency or financial condition of the debtor."

By its plain language, NRA's small-business exemption is conditioned solely on the "small-business" status of the defendant in a freight undercharge claim. It applies without regard to the "insolvency or financial condition" of the plaintiff carrier. Accordingly, 11 U.S.C. § 541(c)(1)'s second criterion is not satisfied, and the small-business exemption may be applied even in a case, such as this one, where a freight undercharge claim is brought by the estate of a bankrupt carrier.

North Penn argues, however, that NRA is applicable only to motor carriers that are "no longer transporting property." *See* Plaintiff's Response to Defendant's Statement of Material Facts as to which Defendant Contends there is no Genuine Issue to be Tried and Defendant's Motion for Summary Judg-

ment at 3–4 (citing NRA § 2, codified at 49 U.S.C. § 10701(f)(1)(A)). North Penn contends that this is tantamount to conditioning application of NRA on the "insolvency or financial condition of the debtor," and concludes that NRA cannot be applied in the instant case.

The court disagrees. Although NRA does limit application of some of its provisions to carriers that are "no longer transporting property," this limitation does not apply to NRA's small-business exemption. Even if the "no longer transporting" provision did apply to NRA's small-business exemption, it does not make that exemption conditional on "the insolvency or financial condition of the debtor."

*1. NRA's small-business exemption applies regardless of whether the carrier is "no longer transporting"*

■ North Penn correctly asserts that certain provisions of NRA apply only when the plaintiff carrier is "no longer transporting." 49 U.S.C. § 10701(f)(1) provides in pertinent part:

> When a claim is made by a motor carrier ..., regarding the collection of rates or charges for such transportation in addition to those originally billed and collected by the carrier ..., the person against whom the claim is made may elect to satisfy the claim under the provisions of paragraph (2), (3), or (4) of this subsection, upon showing that—
>
>> (A) the carrier ... is no longer transporting property ...; and
>>
>> (B) [several other conditions are met].

The above-referenced paragraphs (2), (3) and (4), 49 U.S.C. § 10701(f)(2), (3), (4), establish specific ways by which a defendant may satisfy an undercharge claim when the claim involves shipments of 10,000 pounds or less, § 10701(f)(2), when the claim involves shipments of more than 10,000 pounds, § 10701(f)(3), and when the defendant is a "public warehouseman," § 10701(f)(4).

Thus, the plain language of NRA's relevant sections shows that "no longer transporting" condition applies only to the claim satisfaction mechanisms of §§ 10701(f)(2)–(4). The small-business exemption, § 10701(f)(9),

applies without regard to whether or not the carrier is still transporting property at the time suit is brought. *Accord, Adrian Waldera Trucking,* 848 F.Supp. at 855; *Hoarty v. Midwest Carriers, supra,* 168 B.R. at 984–85 (small-business exemption "stands on its own, without reference to the operating or non-operating status of the carrier"); *De'Medici, supra,* —— B.R. at ——, 1994 WL 322606 at *4.

2. *NRA's "no longer transporting" provision is not "conditioned on the insolvency or financial condition of the debtor"*

 Even if we were to conclude that NRA's small-business exemption applies only when the carrier is "no longer transporting," the Bankruptcy Code would not bar application of the small-business exemption in a suit brought by the estate of a bankrupt carrier. "[O]peration of [NRA's "no longer transporting" restriction] turns on whether the carrier is still transporting property whereas the operation of Section 541(c)(1) [of the Bankruptcy Code] depends on the financial status of the debtor. These two criteria are not the same." *Jones Truck Lines v. AFCO Steel,* 849 F.Supp. at 1305.

A carrier that is "no longer transporting property" has stopped operating as a carrier. It is logical to assume that some, perhaps most, of these former carriers are no longer operating because they are insolvent or at least because their "financial condition" did not justify continued operation. However, this is not necessarily the case. "There is a meaningful distinction between a debtor's financial condition and its operating status: ... the forces of the marketplace and the incentive to maintain good business relations will restrain operating carriers from making unfounded or tenuous undercharge claims, but there is no such check on nonoperating carriers." *Jones Truck Lines v. AFCO Steel,* 849 F.Supp. at 1305. Thus, the restriction of certain provisions of NRA to situations where the carrier is no longer transporting property serves a purpose quite distinct from a restriction based upon the financial status of the carrier. We conclude that even those parts of NRA which are conditioned on the "no longer transporting" status of the carrier are not barred by § 541(c)(1) of the Bank-

ruptcy Code. *Accord, Jones Truck Lines v. AFCO Steel, supra; Allen v. ITM, supra; Hoarty v. Midwest Carriers, supra,* 168 B.R. at 984–85.

An appropriate Order follows.

### FINAL ORDER

AND NOW, this 14th day of July, 1994, upon consideration of the parties' cross-motions for summary judgment, it is hereby ORDERED that:

1. Plaintiff's motion is DENIED.

2. Defendant's motion is GRANTED.

3. Judgment is entered in favor of defendant and against plaintiff.