**David E. LEWIS, Trustee in Bankruptcy for Edson Express, Inc., Plaintiff,**

v.

**SQUARESHOOTER CANDY COMPANY, Defendant.**

**Civ. A. No. 93–2145–GTV.**

United States District Court, D. Kansas.

Dec. 5, 1994.

Hugh F. O'Donnell, III, Edmund T. Shine, Kansas City, MO, for plaintiff.

Judy L. Simon, Overland Park, KS, for defendant.

**56**

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

The court has under consideration in the above-captioned case the following:

Doc. 20: Defendant's Motion for Summary Judgment. Counsel for the plaintiff has informed the court by letter dated September 16, 1994, (which the court hereby directs to be filed by the clerk) that the response (Doc. 18) filed by the plaintiff to the defendant's response (Doc. 17) to the court's Order to Show Cause (Doc. 16) may be considered by the court as plaintiff's response to the motion for summary judgment. Accordingly, the court has so considered the response.

The motion for summary judgment is granted because the court concludes that the Negotiated Rates Act of 1993, 49 U.S.C. § 10701(f)(9) applies to this case and renders the defendant free of liability to the plaintiff for the freight undercharges which are the subject matter of this action.

The material facts which the court finds to be uncontroverted are as follows: This is an action for freight undercharges brought by the trustee for a bankrupt motor carrier against a shipper. The undercharges sought to be recovered are the difference between negotiated rates actually charged by the motor carrier and paid by the defendant Squareshooter Candy Co., and the tariff rates applicable to shipments of candy manufactured by Squareshooter. The tariff rates for the shipments had been filed by the carrier with the Interstate Commerce Commission.

The uncontroverted affidavit of Ernie Simon, president of Squareshooter from 1979 to December, 1992, which is attached to the Motion for Summary Judgment, states that the defendant Squareshooter is a candy manufacturer, the activities of which are classified under Standard Industrial Classification Code Number 2064, "Candy and Other Confectionery Products;" that it was not affiliated with any other company or business, and that it did not have more than 500 employees.

After reviewing the response filed by the plaintiff, the court concludes that plaintiff has not in any way controverted the material facts set out by the defendant in its motion for summary judgment.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

The Negotiated Rates Act of 1993, 49 U.S.C. § 10701(f)(9), provides that

[A] person from whom the additional legally applicable and effective tariff rate of charges are sought shall not be liable for the difference between the carrier's applicable and effective tariff rate and the rate originally billed and paid—

(A) if such person qualifies as a small business concern under the Small Business Act (15 U.S.C. § 631 et seq.).

The Small Business Act defines a small business concern as an enterprise engaged in the business or production of food which is independently owned and operated and which is not dominant in its field of operation. 15 U.S.C. § 632. The statute also gives the Administrator (of the Small Business Administration) the authority to "specify detailed definitions or standards (by number of employees or dollar volume of

business) by which a business concern is to be recognized as a small business concern for the purposes of this chapter or any other Act." 15 U.S.C. § 632(a)(2). The Small Business Administration size regulations are found at 13 C.F.R. § 121.601. They provide that a manufacturer of "Candy and Other Confectionery Products" which employs fewer than 500 persons is a small business.

Based upon the uncontroverted facts, the court finds that the defendant Squareshooter Candy Co. is a small business concern as defined by 15 U.S.C. § 632 and 13 C.F.R. § 121.601, and is entitled to summary judgment · under the Negotiated Rates Act of 1993, 49 U.S.C. § 10701(f)(9).

■ Plaintiff's claim in this case is based upon the "filed rate doctrine." That doctrine precludes equitable defenses to the collection of undercharges from tariffs which have been filed with the Interstate Commerce Commission pursuant to 49 U.S.C. § 10101, et seq. In *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990), the Court required the application of filed rates, and rejected the ICC's "negotiated rates policy," which permitted carriers and shippers to negotiate rates varying from tariff rates, and precluded carriers from recovering undercharges. That decision prompted Congress to enact the Negotiated Rates Act of 1993 to relieve some of the inequities perceived in the strict application of the filed rates doctrine.

■ Under the Negotiated Rates Act, qualified small businesses which have been billed and have paid for shipping costs are exempt from subsequent claims that the filed tariff exceeded the amount billed. *Adrian Waldera Trucking, Inc. v. Quality Liquid Feeds, Inc.*, 848 F.Supp. 853 (W.D.Wis.1994); *Allen v. ITM, Ltd. South*, 167 B.R. 63 (M.D.N.C.1994); *Hoarty v. Midwest Carriers Corp.*, 168 B.R. 978 (Bankr.D.Neb.1994). "Nothing additional need be shown to take advantage of this exemption." *Adrian Waldera Trucking*, 848 F.Supp. at 855.

■ The provisions of Negotiated Rates Act clearly apply to this case. Section 2(c) of the Act provides that it applies to all claims pending as of the date of its enactment. The date of enactment was December 3, 1993. This case was pending on that date. It was filed April 8, 1993. When a statute directs that it can be applied to pending cases, courts "have no choice but to follow its dictates." *United States v. 1002.35 Acres of Land*, 942 F.2d 733, 736 (10th Cir.1991). Section 2(c) of the NRA has been construed by other courts to apply to cases pending on the date of enactment. *Leonard v. Robertshaw Controls Co.*, 1994 WL 411780 (D.N.J. 1994); *Allen v. ITM, Ltd. South*, 167 B.R. at 66.

■ Plaintiff contends that application of the Negotiated Rates Act to its claim which was pending prior to the enactment of the statute violates its constitutional rights. Although plaintiff's response does not identify the constitutional right which it claims is violated, the court presumes that plaintiff refers to its Fifth Amendment right to substantive due process. This contention by plaintiff is rejected. Retroactive application of legislative acts is permissible if there is a clear indication of congressional intent. *Nevada Power Co. v. Watt*, 711 F.2d 913, 932 (10th Cir.1983). The statute itself clearly expresses the intent of Congress that it apply to pending cases, and that retroactive application to claims is intended. In addition, Congress has articulated a justified public purpose for enactment of the NRA. In this connection see 139 Cong.Rec. § 1522. "Congress has presented a justified public purpose. Both the House and the Senate wanted to alleviate a litigation crisis that was created by a breakdown in what was a heavily regulated industry." *Leonard v. Robertshaw Controls Co.*, 1994 WL 411780, at *5.

■ The rights asserted must be "vested" for retroactive application of the statute to violate the Constitution. *Taxpayers for the Animas–La Plata Referendum v. Animas–La Plata Water Conservancy District*, 739 F.2d 1472, 1477 (10th Cir.1984). The claim of plaintiff in this case does not involve the assertion of any vested right. "It is clear ... that the [Supreme] Court has not hesitated to uphold legislation which has mooted pending lawsuits and destroyed accrued causes of action." *Id.*

The court concludes that the Negotiated Rates Act applies to the case now before it, and that such application is not constitutionally impermissible. The Act bars recovery by the plaintiff of the freight undercharges which are the subject matter of this action. The defendant's motion for summary judgment is granted.

IT IS, THEREFORE, BY THE COURT ORDERED that the defendant's motion for summary judgment (Doc. 20) is granted, and that judgment is hereby entered for the defendant.

**IT IS SO ORDERED.**