In the Matter of BEST REFRIGER-
ATED EXPRESS, INC., Debtor.

Thomas F. HOARTY, Jr.,
Trustee, Plaintiff,

v.

BENNETT TRANSPORTATION,
INC., Defendant.

Bankruptcy No. BK89–00169.
Adv. No. A91–4016.

United States Bankruptcy Court,
D. Nebraska.

June 1, 1994.

Joseph L. Steinfeld, Jr., Sims, Walker & Steinfeld, P.C., Washington, DC, Norman H. Wright, Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., Omaha, NE, for plaintiff.

Thomas L. Saladino, Fitzgerald, Schorr, Barmettler & Brennan, Omaha, NE, Robert J. Gallagher, M. Shields Gallagher & Gallagher, P.C., Northampton, MA, for defendant.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This adversary proceeding was commenced by the Chapter 11 Trustee to recover alleged freight undercharges by the debtor, Best Refrigerated Express, Inc., to the Defendant, Bennett Transportation, Inc. Bennett Transportation, Inc. filed a Motion for Summary Judgment, asserting that it was not liable for any alleged undercharge by the debtor since Bennett Transportation is a small business concern under the Negotiated Rates Act of 1993 ("NRA"). See 49 U.S.C. § 10701 (1993). I conclude that the Motion for Summary Judgment should be granted because Bennett Transportation, Inc. qualifies as a small business under the NRA.

## FINDINGS OF FACT

Prior to filing bankruptcy, the debtor, Best Refrigerated Express, Inc. ("Best"), was a motor carrier in the business of transporting freight in interstate commerce. Bennett Transportation, Inc. is a freight broker that did business with Best before this bankruptcy was filed. The Trustee commenced this adversary proceeding seeking to recover the difference between the negotiated shipping rate charged by Best to the defendant, and the shipping rate Best had on file with the Interstate Commerce Commission (I.C.C.).

The defendant, Bennett Transportation, Inc., filed this motion for summary judgment, alleging that it is a "small business" under the Negotiated Rates Act of 1993 ("NRA"), and therefore is not liable for the difference between the negotiated rate and the rate on file with the I.C.C. In response, the Trustee asserts the provision of the NRA exempting small businesses is inapplicable in bankruptcy pursuant to 11 U.S.C. §§ 541(c)(1) and 363(*l*).

## LAW

Summary judgment is properly granted when the court determines that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Bankruptcy Rule 7056(c). In making these determinations, the court must view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir.1986).

Section 10701(f)(9) of the NRA provides:

Notwithstanding paragraphs (2), (3), and (4), a person from whom the additional legally applicable and effective tariff rate or charges are sought shall not be liable for the difference ...

(A) if such person qualifies as a small business concern under the Small Business Act....

49 U.S.C. § 10701(f)(9) (1993).

Section 541(c) of the Bankruptcy Code provides in pertinent part:

[A]n interest of the debtor in property becomes property of the estate ... notwithstanding any provision in ... applicable nonbankruptcy law—

(B) that is conditioned on the insolvency or financial condition of the debtor....

11 U.S.C. § 541(c)(1) (1994).

Finally, § 363(*l*) of the Bankruptcy Code provides:

[T]he trustee may use, sell, or lease property under subsection (b) or (c) or this section ... notwithstanding any provision in ... applicable law that is conditioned on

the insolvency or financial condition of the debtor. . . .

11 U.S.C. § 363(*l*) (1994).

## DISCUSSION

■ I conclude that Bennett Transportation is entitled to summary judgment as a matter of law because it qualifies as a small business concern under the NRA and is therefore not liable for the difference between the negotiated shipping rate charged to it by Best, and the shipping rate Best had on file with the I.C.C. Bennett Transportation generates less than 12.5 million dollars per year, and is independently owned and operated. See 15 U.S.C. § 632 (199–); 13 C.F.R. § 121.601 (199–). I also conclude that sections 541(c)(1) and 363(*l*) of the Bankruptcy Code do not prevent this result for two reasons: 1) these Code provisions do not apply on the facts of this case, and 2) the provisions of the NRA should be read consistent with the Bankruptcy Code so that the NRA may accomplish its intended purpose.

■ First, § 541(c)(1) and § 363(*l*) do not apply on the facts of this case. Nothing in the NRA purports to terminate or forfeit an interest of the debtor in property of the bankruptcy estate. See 11 U.S.C. § 541(c)(1) (1994). The NRA also does not purport to limit the trustee's right to use, sell, or lease property of the bankruptcy estate. See 11 U.S.C. § 363(*l*) (1994). The NRA only defines the rights of the parties under non-bankruptcy law, it does not purport to take away any of the rights provided by the Bankruptcy Code.

Furthermore, the NRA is not conditioned on the financial condition of the debtor, as required by § 541(c)(1) and § 363(*l*). Rather the applicability of certain sections of the NRA is conditioned on the status of the motor carrier as "no longer transporting property." See 49 U.S.C. § 10701(f)(1). Thus it is not the financial condition of the carrier that triggers the limits on collection imposed by the NRA, but the fact that the action by the carrier is brought subsequent to its active participation in the trucking business. In addition, even if the requirement that the motor carrier is "no longer transporting property" was equivalent to the financial condition of the debtor, this require-

ment is not applicable to the small business concern exception provided in § 10701(f)(9). The showing that a carrier is "no longer transporting property" is only required where a person against whom a claim is made has elected to satisfy the claim under § 10701(f)(2), (3), or (4). This is not the situation in the present case.

■ Second, I conclude the provisions of the NRA are applicable in bankruptcy and are consistent with the Bankruptcy Code provisions. Congress certainly has the power to enact statutes which impact a party's rights in bankruptcy, and there is no requirement that such statutes formally amend the Bankruptcy Code. Congress clearly intended the provisions of the NRA to apply in the bankruptcy context—after all, the problem of excessive trustee litigation was the problem sought to be addressed by the statute in the first place. Furthermore, the legislative history of the NRA is replete with references that the statute is not intended to be inconsistent with or limit the power of bankruptcy courts. It is a fundamental principle of statutory construction that when two statutes may be read as consistent with each other, they ought to be read as such. Therefore, I conclude that the provisions of the NRA should be read as consistent with § 541 and § 363 of the Bankruptcy Code.

In summary, I conclude that defendant, Bennett Transportation, Inc. is a small business concern under the NRA, is not liable for any alleged undercharge by the debtor, and therefore is entitled to summary judgment as a matter of law in this adversary proceeding.

The court is aware of proceedings before the I.C.C. involving this case. If the decision herein is not appealed, it appears that this decision will render the proceedings before the I.C.C. moot. On the other hand, if this decision is appealed, this court would have no objection to the I.C.C. continuing its proceedings on issues other than the small business exception to the NRA, pursuant to its discretion.

A separate judgment will be entered consistent herewith.