**In re BATESVILLE TRUCK LINE, INC.**

**BATESVILLE TRUCK LINE, INC., Plaintiff,**

v.

**LANGSTON COMPANIES, INC. f/k/a Langston Bag Company, Defendant.**

Bankruptcy No. 93–10018S.
Adv. No. 94–1012.

United States District Court, E.D. Arkansas, Western Division.

Oct. 19, 1994.

Michael Reif, Little Rock, AR, for debtor/plaintiff.

William Waddell, Little Rock, AR, for defendant.

### *ORDER*

SUSAN WEBBER WRIGHT, District Judge.

The Court has received the report and recommendation for entry of summary judgment pursuant to 28 U.S.C. § 157(c)(1) from United States Bankruptcy Judge Mary Davies Scott. After careful review of the report and recommendation, the Court concludes that the recommendation should be, and hereby is, approved and adopted. Defen-

dant's motion for summary judgment is granted and the cause is dismissed. The cross-motion of plaintiff is denied. Judgment shall be entered accordingly.

SO ORDERED.

In the United States Bankruptcy Court
for the Eastern District of Arkansas
Batesville Division

*REPORT TO THE U.S. DISTRICT COURT AND RECOMMENDATION FOR ENTRY OF SUMMARY JUDGMENT PURSUANT TO 28 U.S.C. § 157(c)(1)*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon cross motions for summary judgment filed by the parties. The debtor Batesville Truck Line, Inc. performed transportation services for the defendant Langston Companies, Inc., subject to the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.* The debtor filed for protection under Chapter 11 of the Bankruptcy Code, and, on July 14, 1994, filed a complaint for turnover of freight undercharges. Langston Companies, Inc. ("Langston") defends on the grounds that it is a small business protected from liability pursuant to the Negotiated Rates Act, codified at 49 U.S.C. § 10701, *et seq.*

*Jurisdiction to Enter Judgment*

▆ The complaint alleges that this is a core proceeding pursuant to 28 U.S.C. § 157 such that the bankruptcy court may enter final judgment in this adversary proceeding. The answer denies that this Court has jurisdiction to enter judgment. In any event, this Court must examine its jurisdiction. 28 U.S.C. § 157(b)(3). Under title 28, "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). However, while a bankruptcy judge may hear a proceeding that is not a core proceeding, but is "otherwise related to a case under title 11," the bankruptcy judge may not, without the consent of all parties, enter judgment in the proceeding. 28 U.S.C. § 157(c)(1).

In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the case prompting enactment of the system described above, the Supreme Court ruled that under Article III of the U.S. Constitution, Article I judges, *i.e.* bankruptcy judges, may not adjudicate public rights. Rather, they are limited to adjudicating those rights created by the statute. *See Id.* at 83–85, 102 S.Ct. at 2878 ("But when Congress creates a statutory right, it clearly has the discretion, in defining that right, to create presumptions, or assign burdens of proof, or prescribe remedies; it may also provide that persons seeking to vindicate that right must do so before particularized tribunals created to perform the specialized adjudicative tasks related to that right."). Thus, title 28 provides that bankruptcy courts may enter final judgment in bankruptcy cases and in proceedings "arising in" or "arising under" the Bankruptcy Code because those are rights and remedies created by the statute—the Bankruptcy Code.

However, "when the right being adjudicated is not of congressional creation," the allocation of power to enter final judgment to an Article I judge, violates the provision of Article III of the U.S. Constitution. *Id.* at 83–85, 102 S.Ct. at 2878 ("In such a situation, substantial inroads into functions that have traditionally been performed by the judiciary cannot be characterized merely as incidental extensions of Congress' power to define rights that it has created. Rather, such inroads suggest unwarranted encroachments upon the judicial power of the United States, which our Constitution reserves for Art. III courts."). In *Marathon,* the proceeding was a claim for damages for breach of contract and misrepresentations, rights created by state law, "a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the bankruptcy court," *Marathon* at 84, 102 S.Ct. at 2878, such that it was unconstitutional for the bankruptcy court to enter final judgment in the proceeding. Similarly, the instant case raises rights "independent of and antecedent to the reorganization petition" that confer jurisdiction upon the bankruptcy court. That is, the ability to file the cause of action for freight undercharges exists independent-

ly of the Bankruptcy Code such that the proceeding is merely "related to" the bankruptcy case. Accordingly, this Court may not enter final judgment in the adversary proceeding absent consent of both parties. *De'Medici v. FDSI Management Group (In re Lifschultz Fast Freight Corp.)*, No. 90B21673, 1994 Bankr.Lexis 990 (Bankr. N.D.Ill. July 1, 1994).

### The Doctrine of Primary Jurisdiction

■ The answer alleges that the lack of jurisdiction derives from the doctrine of primary jurisdiction. As noted by Chief Judge Reasoner in *Jones Truck Lines, Inc. v. Scott Fetzer Co.*, 860 F.Supp. 1370 (E.D.Ark.1994), primary jurisdiction applies "whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." Under this doctrine, a court may defer, with respect to a matter otherwise within its jurisdiction, to an appropriate administrative agency. *Id.; United States v. Bagley (In re Murdock Machine & Engineering Co. of Utah)*, 990 F.2d 567 (10th Cir.1993); *Gary Aircraft Corporation v. United States*, 698 F.2d 775 (5th Cir.), *cert. denied*, 464 U.S. 820, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983). Upon the court's determination that invocation of the doctrine is appropriate, the agency makes a recommendation to the court. The court then applies a deferential standard in reviewing the agency determination. *In Bankruptcy Estate of United Shipping Company, Inc. v. General Mills, Inc.*, 34 F.3d 1383 (8th Cir.1994).

■ While that doctrine may be applicable with regard to some of the issues raised by the pleadings in this case, the doctrine does not *deprive* a court of jurisdiction to decide the matter. *Reiter v. Cooper*, — U.S. —, — & n. 3, 113 S.Ct. 1213, 122 & n. 3, 122 L.Ed.2d 604 (1993); *Jones Truck Lines, Inc. v. Scott Fetzer Co.*, 860 F.Supp. 1370 (E.D.Ark.1994). Rather, where statutory language creates conflicts of jurisdiction or where, as here, the relevant statute allocates decision making authority for particular issues to an agency or other tribunal, the courts generally defer determination of the particular issues to the appropriate tribunal. In this case, the pleadings raise issues arising under the Negotiated Rates Act, which issues may be more properly determined by the Interstate Commerce Commission ("ICC"). Indeed, in the Eastern and Western District of Arkansas, in cases similar to the one before this Court, the district courts have generally deferred to the ICC pursuant to the doctrine of primary jurisdiction. *See, e.g., Jones Truck Lines, Inc. v. WD40 Co.*, 170 B.R. 1004 (W.D.Ark.1994) (Waters, J.) ("The court is mindful that this decision represents a shift in its prior position. However, in view of the language of the NRA we now believe the contract versus common carriage issue falls within the primary jurisdiction of the ICC."). In addition, other sections of the Negotiated Rates Act allocate decision making of particular issues to the ICC. *See* 49 U.S.C. § 10701(f)(1); Negotiated Rates Act, § 2(e). *See generally Jones Truck Lines, Inc. v. WD40 Co.*, 170 B.R. 1004 (W.D.Ark.1994) (Waters, J.) Included are the issues raised in this case, rate reasonableness and unreasonable practices.

This Court does not address the issue of whether the doctrine is applicable in this case because, although pleaded, there is no motion pending to request such action by the Court. Further, there is a threshold issue which must be resolved prior to a determination of the merits of rate reasonableness or unreasonable practices. The first issue for the Court, the one to which the defendant's motion for summary judgment is directed, is whether the defendant is a small business excepted from liability by the Negotiated Rates Act. Since this Court determines as a matter of law that defendant is a small business, the doctrine need not be addressed. The determination of whether the Negotiated Rates Act applies and whether the defendant is a small business moots the remaining issues regarding the merits of the turnover action. *See Lewis v. H.E. Wisdom & Sons, Inc.*, No. 93–C–0985, 1994 WL 110659, 1994 U.S.Dist.Lexis 3962 (N.D.Ill. Mar. 31, 1994) (upon determination of small business issue, motion to stay and motion to refer proceedings to ICC was moot); *Hoarty v. Bennett Transportation, Inc. (In re Best Refrigerated Express, Inc.)*, 170 B.R. 158 (Bankr.D.Neb.

1994) (court decided small business issue despite pendency of other issues before the ICC); *see also Murray v. Mobil Chemical Co. (In re Chicago, Missouri & Western Railway Co.)*, 156 B.R. 567 (Bankr.N.D.Ill. 1993) (referral denied where it was possible that question of rate reasonableness would not become an issue).

### Applicability of the Negotiated Rates Act

■ The primary argument advanced by Batesville Truck Line is that the Negotiated Rates Act, codified at 49 U.S.C. § 10701, *et seq.* is inapplicable to this proceeding. Expressing concern for the impact of the freight undercharges cases proliferating (*i.e.*, those instituted primarily, although not exclusively, by bankruptcy trustees). Congress, in 1993, promulgated the Negotiated Rates Act which eliminated liability for freight undercharges for small-business concerns. 49 U.S.C. § 10701(f)(9).

The debtor's argument is derived from the section of the Act which provides:

Nothing in the Act ... shall be construed as limiting or otherwise affecting application of Title 11, United States code, relating to bankruptcy. * * *

The Negotiated Rates Act of 1993, § 9, 107 Stat. 2044. The debtor argues that since section 541(c)(1)[1] of the Bankruptcy Code

1. Section 541(c)(1) provides:

   (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section not withstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—

   (A) that restricts or conditions transfer of such interest by the debtor; or

   (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

2. Virtually every court addressing the issue has held that the Negotiated Rates Act applies in bankruptcy cases. *See Jones Truck Lines, Inc. v. Phoenix Products Co., Inc.*, 860 F.Supp. 1360 (E.D.Wis.1994); *North Penn Transfer, Inc. v. Polykote*, 170 B.R. 565 (E.D.Pa.1994); *Whitaker v.*

prevents otherwise applicable nonbankruptcy law from causing a forfeiture of the debtor's property based upon its insolvency or financial condition, the Act may not be applied. Based upon the well-reasoned authority in the districts of Arkansas, as well as other districts, the Court need not recount the analysis, but will adopt the reasoning and holding of the vast majority[2] of cases which apply the Act in bankruptcy cases. *See, e.g., Jones Truck Lines, Inc. v. AFCO Steel, Inc.*, 849 F.Supp. 1296 (E.D.Ark.1994) (Wilson, J.); *Jones Truck Lines, Inc. v. Alliance Rubber Company*, 166 B.R. 691 (W.D.Ark.1994) (Hendren, J.); *Jones Truck Lines, Inc. v. Scott Fetzer Co.*, 860 F.Supp. 1370 (E.D.Ark. 1994) (Reasoner, C.J.); *Jones Truck Lines, Inc. v. WD40 Co.*, 170 B.R. 1004 (W.D.Ark. 1994) (Waters, J.); *Whittier Wood Products, Inc.*, No. 94–5071, slip op., 1994 WL 525534 (W.D.Ark. July 18, 1994); *Jones Truck Lines, Inc. v. ASCO Hardware*, 93–459, slip op., 1994 WL 261005 (E.D.Ark. Mar. 8, 1994). Accordingly, the Negotiated Rates Act applies in this case such that the defendant may properly assert the defense that it is a small business concern excepted from liability.

### The Defendant is a Small Business

■ Defendant Langston asserts that it is a small business within the meaning of the

*Power Brake Supply, Inc. (In re Olympia Holding Corporation )*, No. 91–1077–Civ–J–16, 1994 WL 519044, slip op. (M.D.Fla.1994); *Lewis v. H.E. Wisdom & Sons, Inc.*, No. 93C0985, 1994 WL 110659, 1994 U.S.Dist.Lexis 3962 (N.D.Ill. Mar. 31, 1994); *Jones Truck Lines, Inc. v. Admiral Marine Co., Inc.*, 858 F.Supp. 71 (E.D.La.1994); *Allen v. Spiegel, Inc.*, 169 B.R. 394 (N.D.Ill.1994); *Jones Truck Lines, Inc. v. Frigid Fluid Company*, 169 B.R. 52 (N.D.Ill.1994); *Jones Truck Lines, Inc. v. Aladdin Synergetics, Inc.*, 174 B.R. 76 (M.D.Tenn.1994); *Jones Truck Lines, Inc. v. Grinnell Corporation Anvil Products Division*, 167 B.R. 488 (N.D.Ill.1994); *Allen v. ITM, Ltd. South*, 167 B.R. 63 (M.D.N.C.1994); *Lifschultz*, 1994 Bankr.Lexis 990; *Hearty v. Band Transportation, Inc. (In re Best Refrigerated Express, Inc.)*, 170 B.R. 158 (Bankr.D.Neb.1994).

There is only one case which determines that the Act is not applicable to bankruptcy cases: *Cooper v. E.I. Du Pont De Nemours & Co. (In re Bulldog Trucking, Inc.)*, 173 B.R. 517 (Bankr. W.D.N.C.1994), *recommendation adopted* slip op. (W.D.N.C. June 21, 1994), *appeal pending*, No. 94–1976 (4th Cir.).

Negotiated Rates Act such that it may not be held liable for freight undercharges. The Act provides that,

Notwithstanding paragraphs (2), (3), and (4), a person from whom the additional legally applicable and effective tariff rate or charges are sought shall not be liable for the difference between the carrier's applicable and effective tariff rate and the rate originally billed and paid—

(A) if such person qualifies as a small-business concern under the Small Business Act (15 U.S.C. 631 et seq.) * * *

49 U.S.C. § 10701(f)(9)(A). The Small Business Act provides in pertinent part:

(a) Criteria

(1) For the purposes of this chapter, a small-business concern ... shall be deemed to be one which is independently owned and operated and which is not dominant in its field of operation. * * *

(2) In addition to the criteria specified in paragraph (1), the Administrator may specify detailed definitions or standards (by number of employees or dollar volume of business) by which a business concern is to be recognized as a small business concern for the purposes of this chapter or any other Act. * * *

15 U.S.C. § 632(a)(1), (2). Pursuant to paragraph (2), the Small Business Administration promulgated regulations defining small business concerns, under which the defendant Langston must employ fewer than 500 persons to be defined as a small business. *See* 13 C.F.R. § 121.601.

In support of its motion for summary judgment, the defendant avers, by affidavit pursuant to Rule 56(g), Federal Rules of Civil Procedure, the following facts: Langston, whose Standard Industrial Code is 2674, is independently owned and operated; Langston is not dominant in its field of operation; Langston employs 293 persons. The debtor plaintiff offers no evidence in rebuttal, nor even asserts that these facts are in good faith contested. Rather, the debtor asserts that these statements are insufficient to demonstrate that there is no genuine issue of fact.

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company*, 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

■■■ After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an *affirmative showing of evidence*. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Of course, the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence on the credibility of witnesses. *Windon Third Oil and Gas v. Federal Deposit Insurance Corporation*, 805 F.2d 342, 346 (10th Cir.1986). It is noteworthy that each of the courts deciding the issue of whether defendant was a small business for purposes of the Negotiated Rates Act did so upon summary judgment. *See Whitaker v. Power Brake Supply, Inc.* (*In re Olympia Holding Corporation*) No. 91–1077, slip op., 17, 1994 WL 519044 (M.D.Fla. July 28, 1994); *Lewis v. H.E. Wisdom & Sons, Inc.*, No. 93–C–0985, 1994 WL 110659, 1994 U.S.Dist.Lexis 3962 (N.D.Ill. Mar. 31, 1994); *De'Medici v. FDSI Manage-*

*ment Group* (*In re Lifschultz Fast Freight Corp.*), No. 90B21673, 1994 Bankr.Lexis 990 (Bankr.N.D.Ill. July 1, 1994); *Hearty v. Band Transportation, Inc.* (*In re Best Refrigerated Express, Inc.*), 170 B.R. 158 (Bankr.D.Neb. June 1, 1994).

Although the debtor argues that summary judgment should not be entered in favor of Langston, it has made no showing to rebut the evidence that Langston is a small business concern. The evidence is uncontroverted that Langston has only 293 employees, in contrast to the Small Business Administration regulations which require a maximum of 500 persons to constitute a small business. This fact alone has been held to be sufficient to grant summary judgment. *Whitaker v. Power Brake Supply, Inc.* (*In re Olympia Holding Corporation*), No. 91–1077, slip op., 17, 1994 WL 519044 (M.D.Fla. July 28, 1994). In light of the evidence submitted, and the lack of any rebutting evidence, there is no question of material fact concerning whether Langston is a small business concern. *Compare Lewis,* 1994 WL 110659, 1994 U.S.Dist.Lexis 3962.

### Recommendation

Pursuant to 28 U.S.C. Section 157(c), the bankruptcy court makes the above report to the United States District Court for the Eastern District of Arkansas and recommends as follows:

1. That the Motion for Summary Judgment, filed on August 9, 1994, by the defendant Langston Companies, Inc. be GRANTED and the cause DISMISSED.

2. That the Cross–Motion of Batesville Truck Line, Inc., Debtor–in–Possession for Summary Judgment, filed on August 26, 1994, be DENIED.

**IT IS SO ORDERED.**

DATED: <u>10–3–94</u>