BATESVILLE TRUCK LINE,
INC., Plaintiff,

v.

WOOD PRODUCTS SPECIALISTS,
INC., Defendant.

No. LR–M–94–186.

United States District Court,
E.D. Arkansas,
Western Division.

Feb. 15, 1995.

Michael Reif, Little Rock, AR, for plaintiff.

William Waddell, Little Rock, AR, for defendant.

### ORDER

GEORGE HOWARD, Jr., District Judge.

After reviewing the file and the applicable law, the Court hereby adopts the bankruptcy court's November 10th report and recommendation regarding the Negotiated Rates Act in its entirety. Defendant's October 20th motion for summary judgment is granted and the plaintiff's cross-motion for summary judgment is denied.

IT IS SO ORDERED.

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

In re Batesville Truck Line, Inc.

Batesville Truck Line, Inc.,
Plaintiff,

v.

Wood Products Specialists, Inc.,
Defendant.

Nov. 10, 1994.

Bankruptcy No. 93–100185.

Adv. No. 94–1013.

### REPORT TO THE U.S. DISTRICT COURT AND RECOMMENDATION FOR ENTRY OF SUMMARY JUDGMENT PURSUANT TO 28 U.S.C. § 157(c)(1)

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon cross motions for summary judgment filed by the parties. The debtor Batesville Truck Line, Inc. performed transportation services for the defendant Wood Products Specialists, Inc., subject to the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.* The debtor filed for protection under Chapter 11 of the Bankruptcy Code, and, thereafter, filed a complaint for turnover of freight undercharges. Wood Products Specialists, Inc. defends on the grounds that it is a small business protected from liability pursuant to the Negotiated Rates Act ("The Act"), codified at 49 U.S.C. § 10701, *et seq.*

### Conflicting Authority

This Court previously determined issues identical to those submitted in the instant dispositive motions in *Batesville Truck Line, Inc. v. Langston (In re Batesville Truck Lines, Inc.),* 174 B.R. 781 (Bankr.E.D.Ark. 1994), *adopted,* 174 B.R. 781 (E.D.Ark.1994) (Wright, J.). Specifically, in the *Langston* case, this Court determined that section 9 of the Negotiated Rates Act did not preclude application of the Act in the bankruptcy context, and that the defendant had met its burden of proof, under the standards im-

posed by Rule 7056, that it is a small business.

Since this Court issued its opinion in *Langston,* an opinion issued by the Bankruptcy Court of the Western District of Arkansas in the case *Jones Truck Lines, Inc. v. IXL Manufacturing Co., Inc. (In re Jones Truck Lines, Inc.),* 172 B.R. 602 (Bankr.W.D.Ark. 1994) (Mixon, J.), reached the opposite conclusion. Plaintiff urges this Court to reconsider the decision in *Langston* in light of *IXL Manufacturing.* In *IXL Manufacturing* the Court determined that that application of the provisions of the Act would violate the anti-forfeiture provisions in Bankruptcy Code section 541(c)(1)(B) because the Act is based upon the debtor's financial condition and application of the Act would remove a cause of action from the bankruptcy estate.

■ The Bankruptcy Code invalidates contracts or law that would preclude the debtor's interest in property from being transferred to the estate solely because the debtor is insolvent or filed for protection under title 11. Section 541(c)(1)(B), the statute *IXL Manufacturing* believes conflicts with the Act, invalidates restrictions on transfers that exist due to the debtor's insolvency as follows:

> (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section not withstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—
>
>> (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

This statute thus provides that property of the debtor becomes property of the estate despite any other law (1) which is conditioned upon the debtor's insolvency and (2) which would effect a forfeiture of the debtor's interest in the property.

■ This Court cannot agree with the analysis in *IXL Manufacturing* which concludes that application of the Act removes an asset from the estate. It is true that the cause of action for freight undercharges constitutes property of the estate under 11 U.S.C. § 541(a). However, the application of the Act does not remove that asset from the estate. In the instant case, the Act, and specifically the provision providing the small business defense, does not preclude an interest from being transferred to the estate. Rather, the Act merely creates a defense to the cause of action which is an asset of the estate; it does not preclude transfer of the asset to the estate.

■ The statute does not effect a modification, termination or alteration of the debtor's rights under section 541(c)(1) because no alteration of rights has occurred. The rights, obligations, and restrictions existing pre-bankruptcy have not been forfeited, modified, or terminated by the debtor's insolvency, by the filing of the bankruptcy or by the transfer of the interest to the estate. Rather, the estate has the same rights as the debtor in the cause of action. The estate succeeds only to that interest of the debtor. *In re N.S. Garrott & Sons,* 772 F.2d 462, 466 (8th Cir.1985) ("[T]he definition was not designed to enlarge the debtor's rights against others beyond those existing at the commencement of the case."). The fact that the cause of action may be of lesser value to the estate than the debtor would like does not expand the rights in the property. In effect, *IXL Manufacturing* equates the issue of what constitutes property of the estate with separate issue of the nature of the rights associated with the property. The value of the cause of action is limited by the defenses that exist to the cause of action, whether the lawsuit belonged to a nondebtor or the estate. The fact that the Act creates a defense to a cause of action held by the debtor-in-possession does not affect the application of title 11. The Act in this instance merely creates a defense—that the defendant is a small business—to the cause of action for freight undercharges. The Act does not re-

move that cause of action from the estate or effect a "forfeiture" of an asset.

■ Although the value of that asset may be less than the debtor-in-possession had anticipated due to the existence of the defense, the existence of the defense does not remove the asset from the estate. The fact that the value of an asset is less than anticipated due to a statutory defense is not a "forfeiture" of the asset. The existence of a defense to a cause of action is an inherent factor in the value of that asset. A trustee or debtor-in-possession in bankruptcy cannot enhance the value of property by arguing that factors diminishing its value effect a "forfeiture" of that asset.[1]

■ *IXL Manufacturing* also concludes that the Act, as applied, is conditioned upon the debtor's financial condition such that Bankruptcy Code section 541(c) precludes application of that Act. However, the only relevant statutory provision, section 10701(f)(9), contains no language which conditions the defense upon the insolvency or financial condition of the debtor. Accordingly, there is no conflict with section 541(c)(1). *See Jones Truck Lines, Inc. v. Polyflex Film & Converting, Inc.,* 173 B.R. 576, 581 (D.Miss.1994) ("The small business exception applies irrespective of the status of the motor carrier's operations."); *Hoarty v. Bennett Transportation, Inc. (In re Best Refrigerated Express, Inc.),* 170 B.R. 158 (Bankr.D.Neb. 1994).

### *The Motion for Summary Judgment*

■ The issue to which the defendant's motion for summary judgment is directed is whether the defendant is a small business excepted from liability by the Negotiated Rates Act. Defendant asserts that it is a small business within the meaning of the Act such that it may not be held liable for freight undercharges. The Act provides that,

> Notwithstanding paragraphs (2), (3), and (4), a person from whom the additional legally applicable and effective tariff rate or charges are sought shall not be liable

for the difference between the carrier's applicable and effective tariff rate and the rate originally billed and paid—

> (A) if such person qualifies as a small-business concern under the Small Business Act (15 U.S.C. 631 et seq.) * * *

49 U.S.C. § 10701(f)(9)(A). The Small Business Act provides in pertinent part:

> (a) Criteria
>
> (1) For the purposes of this chapter, a small-business concern ... shall be deemed to be one which is independently owned and operated and which is not dominant in its field of operation. * * *
>
> (2) In addition to the criteria specified in paragraph (1), the Administrator may specify detailed definitions or standards (by number of employees or dollar volume of business) by which a business concern is to be recognized as a small business concern for the purposes of this chapter or any other Act. * * *

15 U.S.C. § 632(a)(1), (2). Pursuant to paragraph (2), the Small Business Administration promulgated regulations defining small business concerns, under which the defendant must employ fewer than 500 persons to be defined as a small business. *See* 13 C.F.R. § 121.601.

In support of its motion for summary judgment, the defendant avers, by affidavit pursuant to Rule 56(g), Federal Rules of Civil Procedure, the following facts: Wood Products Specialists, Inc. whose Standard Industrial Code is 2541, is independently owned and operated, is not dominant in its field of operation, and has never employed more than 25 persons. The debtor plaintiff offers no evidence in rebuttal, nor even asserts that these facts are in good faith contested. Thus, it is uncontroverted that defendant has no more than 25 employees, in contrast to the Small Business Administration regulations which require a maximum of 500 persons to constitute a small business. This fact alone has been held to be sufficient to grant summary judgment. *Whitaker v. Power Brake Supply, Inc. (In re Olympia Holding Corporation),* No. 91–1077, slip op., 17, 1994 WL 519044, *11 (M.D.Fla. July 28, 1994). In

---

1. Were this the case, defenses to all manner of suits could not be asserted against a trustee in bankruptcy.

light of the evidence submitted, and the lack of any rebutting evidence, there is no question of material fact concerning whether defendant is a small business concern. *Compare Lewis v. H.E. Wisdom & Sons, Inc.,* No. 93–C–0985, 1994 WL 110659, 1994 U.S.Dist. Lexis 3962 (N.D.Ill. Mar. 31, 1994); *Jones Truck Lines, Inc. v. Polyflex Film & Converting, Inc.,* 173 B.R. 576, 579 & n. 3 (S.D.Miss.1994) *Smith v. Joe Tex, Inc. (In re Day's Express, Inc.),* Slip Op. 89–0981–RLB–11, Adv. No. 91–993 at 6–9 (Bankr.S.D.Ind. June 16, 1994).

Inasmuch as this Court does not have jurisdiction to enter judgment in this proceeding, *see generally Langston,* AP No. 94–1012, pursuant to 28 U.S.C. Section 157(c), the bankruptcy court makes the above report to the United States District Court for the Eastern District of Arkansas and recommends as follows:

1. That the Motion for Summary Judgment, filed on October 20, 1994, by the defendant Wood Products Specialists, Inc., be GRANTED and the cause DISMISSED.

2. That the Cross–Motion of Batesville Truck Line, Inc., Debtor-in-Possession for Summary Judgment, filed on October 11, 1994, be DENIED.

**IT IS SO ORDERED.**